**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WINCHESTER CARPET & RUG CO. | ) | |
| d/b/a RUGS DIRECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counterclaim Defendant, | ) | C.A. No. 11-00337 (GMS) |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WEBVENTION HOLDINGS LLC and | ) | |
| WEBVENTION LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| Counterclaim Plaintiffs. | ) | |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ENTRY OF DEAFULT AGAINST**
**DEFENDANTS WEBVENTION HOLDINGS LLC AND WEBVENTIONLLC**

Defendants Webvention Holdings LLC and Webvention LLC (collectively "Webvention" or "Defendants"), by and through its attorneys, opposes Plaintiff's Motion for Entry of Default Judgment (the "Motion") as follows:

1.      Even before official service of the complaint on Webvention, Todd Schmidt, on behalf of Webvention, was in contact with Plaintiff to negotiate a resolution of this matter.

2.      Webvention was in constant negotiation with Plaintiff from service of the complaint until as recently as Thursday, June 16, 2011.  For example, Webvention was in contact with Plaintiff on May 10, May 20, May 23, May 24, June 15, and June 16.

3.      On June 21, 2011 – three business days after the parties last spoke – Plaintiff filed its Motion against Webvention (the affidavit from Plaintiff's Virginia counsel was actually sworn to and executed the day before).  Plaintiff filed the Motion without giving any advance notice to Webvention or its counsel.

4.      Upon learning of Plaintiff's motion, counsel for Webvention immediately filed an Entry of Appearance and an Answer to the Complaint with Counterclaim on June 23 and June 24, respectively.

5.      Webvention files this Opposition to Plaintiff's Motion because Webvention has clearly manifested its intent to defend against this suit from the outset.  Plaintiff was aware of Webvention's position and negotiated with Webvention, but now tries to capitalize on Webvention's good faith conduct by filing the Motion.  Default should not be entered because: 1) Webvention entered an appearance in this case; 2) courts prefer to decide controversies on their merits; and 3) Plaintiff cannot show that Webvention does not satisfy the factors for setting aside a default – that Plaintiff will suffer prejudice, that Webvention did not allege a meritorious defense, and that Webvention acted with culpable conduct.

Webvention Entered an Appearance

6.      Plaintiff filed the Motion pursuant to Federal Rule of Civil Procedure 55(a), which states that entry of default may be granted against a party that has "failed to plead or otherwise defend…."  F.R.C.P. 55(a)(emphasis added).  Here, Webvention has appeared and otherwise defended this action during the course of negotiations with Plaintiff and, accordingly, entry of default is not appropriate.

7.      Courts construe the term "appearance" liberally to support the policy against unnecessary defaults.  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2686 (1983).  Webvention's settlement discussions with Plaintiff qualify as an appearance sufficient to make a Rule 55 entry of default inappropriate.  A defendant does not have to "respond directly to the complaint in order for his conduct to constitute an appearance." *Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 912 (D. Del. 1984) (citing *Charlton L. Davis & Co., P.C. v. Fedder Data*

*Center, Inc.*, 556 F.2d 308 (5th Cir.1977)).  Appearance "has been broadly defined and it is not limited to a 'formal' court appearance." *Id.* (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970)).  Courts have held that letters or phone calls between the parties qualified as an appearance by the defendant.  *See Heleasco Seventeen, Inc.*, 102 F.R.D. 909 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); *Hutton v. Fischer*, 359 F.2d 913 (3d Cir.1966)).

8.     Here, Webvention and Plaintiff were in repeated contact from the beginning of this case.  Webvention attempted to resolve this matter without litigation, but at all times indicated its intent to defend this suit.  While Webvention never filed a formal notice with the Court, Plaintiff knew Webvention contested the allegations of the Complaint and would be active in this matter.  Indeed, Plaintiff filed its Complaint for declaratory judgment upon the averment of an apprehension of being sued.  (D.I. 1 at 4-5).  In any event, within days of settlement negotiations stalling, Webvention's counsel entered their appearance and filed an Answer and Counterclaim.  Webvention did not file these papers before because it was negotiating in good faith; Plaintiff should not be allowed to benefit from its backhanded maneuvering and default should not be entered.

The Case Should be Decided on the Merits

9.     Furthermore, an entry of default would not allow this controversy to be settled on the merits.  Courts strongly favor resolving disputes on the merits and deny entry of default where a defendant is prepared to defend the suit, as Webvention is prepared to do here.

10.     "In general, the entry of default and default judgment are disfavored because they prevent a plaintiff's claims from being decided on the merits." *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 542 (D. Del. 2010) (citations omitted).

11.     Here, Webvention has raised meritorious defenses and asserted a Counterclaim. A controversy exists and policy favors a resolution on the actual merits of the dispute, not on Plaintiff's hurried Motion.

The Factors Weigh in Favor of Setting Aside Default

12.     Default should not be entered because Webvention can establish the factors considered in setting aside an entry of default and a default judgment.  "The court may set aside an entry of default for good cause…."  F.R.C.P. 55(c).  Here, good cause exists because the parties were actively negotiating a settlement of this matter immediately before Plaintiff filed its Motion for Entry of Default.  Webvention did not file an answer because it was negotiating in good faith and a stay on proceedings was understood.

13.     When deciding whether to set aside an entry of default or a default dudgment, courts evaluate three factors: "(1) prejudice to the plaintiff if default is [set aside], (2) whether the defendant appears to have a [meritorious] defense, and (3) whether defendant's delay is due to culpable conduct."  *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 544 (D. Del. 2010) (citations omitted).  "Although the weighing of each factor is discretionary, the court must be mindful of the Third Circuit's preference for allowing claims to be heard on their merits."  *Id*.

14.     First, Plaintiff will not suffer any prejudice when the default is set aside.  This case is in its early stage of proceedings.  In the affidavit supplied by Plaintiff, it states the responsive pleading was only due by June 9, 2011 – there has been no substantial delay by

4

Webvention in having counsel enter and appearance and file an Answer.  Nor has Plaintiff alleged any reliance on the default.

15.     Second, Webvention has a meritorious defense.  Webvention does not have to prove that is will win at trial, but rather, only has to show that its defense has merit on its face.  *Id.* at 545.  "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 244; *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982)).

16.     Here, Webvention's Answer details several affirmative defenses and asserts a Counterclaim based on the same patent.  The affirmative defenses themselves, if proven at trial, would provide a complete defense to Plaintiff's claims.  Accordingly, they establish a meritorious defense.  Furthermore, not only does Webvention contest Plaintiff's claims, through its Counterclaim it also asserts that Plaintiff is the party actually infringing on the subject patent.  Webvention has made a more than adequate showing that its defense has merit on its face.

17.     Third, Webvention has not displayed culpable conduct in filing its Answer when it did.  When analyzing a default pursuant to Rule 55, culpable conduct is "dilatory behavior that is willful or in bad faith."  *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 545 (D. Del. 2010) (citation omitted).  Webvention did not file an Answer immediately because the parties were negotiating the underlying claims.  Webvention believed, in good faith, that resolution was possible and that the parties may be able to spare the Court, and each other, time and resources involved in litigating this matter.  Two business days after negotiations stalled, however, Plaintiff filed for entry of default.  That same week Webvention had counsel enter an appearance and file

an Answer.  Since the complaint was filed, Webvention has diligently defended this action in good faith.  It has not engaged in any culpable conduct supporting an entry of default and, accordingly, such default should be set aside.

18.     Last, Webvention's counsel promptly contacted Plaintiff's counsel upon learning of the default motion.  His call was not returned.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of Default.

Dated:  June 29, 2011                    **O'KELLY & ERNST, LLC**

                                         */s/ Sean T. O'Kelly*
                                         Sean T. O'Kelly (I.D. No. 4349)
                                         The Brandywine Building
                                         1000 N. West Street, Suite 1200
                                         Wilmington, Delaware 19801
                                         (302) 295-4905
                                         (302) 295-2873 (Facsimile)
                                         sokelly@oelegal.com
                                         *Attorney for Defendants*