IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WINCHESTER CARPET & RUG COMPANY ) <br> d/b/a RUGS DIRECT, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> WEBVENTION HOLDINGS LLC ) <br> and WEBVENTION LLC, ) <br>  ) <br> Defendants. ) | Civil Action No. 1:11-cv-00337GMS |

## PLAINTIFF WINCHESTER CARPET AND RUG D/B/A RUGS DIRECT'S REPLY TO DEFENDANTS' OPPOSITION

Plaintiff Winchester Carpet & Rug Company d/b/a Rugs Direct ("Rugs Direct"), by and through its counsel, submits the following reply brief in support of its Motion for Entry of Default against Defendants Webvention Holdings LLC and Webvention LLC (together, "Webvention") pursuant to Federal Rule of Civil Procedure 55(a).

Webvention does not contest that it failed to file an answer or any responsive pleading when required to do so by the Federal Rules of Civil Procedure. Neither does or could Webvention assert that it has ever sought or requested leave to file a response after the required time (*see* the Motion to Strike the Answer and Counterclaims of Defendants Webvention Holdings LLC and Webvention LLC, filed this day). Instead, Webvention seeks to argue that it has already "appeared" in this action by way of a handful of informal phone calls placed by a Webvention non-lawyer representative in Texas to Rugs Direct's counsel.[1] Although Webvention seeks to recharacterize these short conversations as a "constant negotiation" with Rugs Direct, Webvention does not contest Rugs Direct's sworn declaration that there was, in

---

[1] Rugs Direct disclosed the existence of these communications in its Motion for Entry of Default.

fact, no negotiation. On the contrary, it is undisputed that Rugs Direct never requested a demand and, despite Webvention's unilateral demand of a "non-negotiable" sum for a license agreement, the parties never engaged in any negotiation.

In any event, Webvention now contends that through these sporadic communications Webvention entered an appearance pursuant to a standard previously set by this Court. While Webvention is correct that courts construe the term "appearance" liberally, Webvention nonetheless failed to make an appearance under that standard. Webvention cites *Heleasco Seventeen, Inc. v. Drake*, 109 F.R.D. 909, 914 (D. Del. 1984), in which this Court did determine that phone calls, and the substantive discussions that occurred during such calls, could constitute an appearance by a party. Importantly, the conversations in *Heleasco* were between litigation counsel for the parties, and the topics discussed signaled that defendants intended to defend the suit filed against them. Unlike the facts of *Heleasco*, in this matter there were no conversations between counsel for the parties prior to Plaintiff's filing of its Motion for Entry of Default. Rather, Defendants' representatives contacted Rugs Direct's counsel and offered nothing but unilateral financial demands.

Webvention also complains in its Opposition about an alleged failure by Rugs Direct's counsel to respond to a belated telephone message left by Webvention's counsel well after the deadline to respond had already passed and Rugs Direct already had filed its Motion. In fact, Webvention's counsel promptly returned that message; however, Rugs Direct's counsel neglected to leave his phone number or other contact information in his voicemail message, notwithstanding the fact that he recently changed places of employment. Consequently, Rug Direct's counsel left a return voicemail message at the current – though apparently obsolete – phone number (which was still operative) listed for Webvention's attorney in the 2011 Delaware

- 3 -

Legal Directory.  *See* Affidavit of R. Montgomery Donaldson, Esquire, being filed herewith.

WHEREFORE, for the reasons stated above and in its opening brief and supporting documents, Plaintiff Rugs Direct respectfully requests that the Clerk enter default against Defendants Webvention Holdings and Webvention.

|  | WINCHESTER CARPET & RUG COMPANY<br>d/b/a RUGS DIRECT |
|---|---|
| OF COUNSEL: | |
| | /s/ *R. Montgomery Donaldson* |
| Steven P. Gould, Esq. | R. Montgomery Donaldson (#4367) |
| Patrick R. Hanes, Esq. | MONTGOMERY, McCRACKEN, WALKER |
| Williams Mullen | & RHOADS, LLP |
| 200 South 10th Street, Suite 1600 | 1105 N. Market Street, Suite 1500 |
| P.O. Box 1320 (23218-1320) | Wilmington, DE 19801 |
| Richmond, Virginia 23219 | Phone:  (302) 504-7800 |
| Tel:  (804) 420-6606 | Fax:  (302) 504-7820 |
| Fax:  (804) 420-6507 | rdonaldson@mmwr.com |
| | *Counsel for Plaintiff Winchester Carpet &*<br>*Rug Company d/b/a Rugs Direct* |